UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

      v.                                                                    CR NO. 05-428 (PLF/JMF)

**STEVEN WILLIAMS,**

      **Defendant.**

### DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### FINDINGS OF FACT

1. According to the government's written proffer, the Grand Jury heard evidence that on three occasions in November, 2005, the defendant sold phencyclidine ("PCP") to the same undercover officer.

2. On November 3, 2005, the defendant sold the undercover officer one ounce of PCP for $600.

3. On November 9, 2005, the defendant sold the undercover officer more PCP for $600. On this occasion, the undercover officer asked for more PCP and the defendant sold him or her more for $500.

4. On November 18, 2005, the defendant sold the undercover more PCP, initially for

$1,090.  When the defendant counted the money, he insisted that he was due more.  The undercover officer gave one of the two bottles he had bought back to the defendant.  The defendant left but then returned with a bottle that contained less PCP and handed it to the undercover officer.

### REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. section 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

### The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C).  If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e).  In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

    1.    The nature and circumstances of the offense charged, including whether the

        offense is a crime of violence or involves a narcotic drug;

2.      The weight of the evidence;

3.      The history and characteristics of the person, including

    a.     His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

    b.     Past conduct, history relating to drug or alcohol abuse;

    c.     Criminal history;

    d.     Record concerning appearance at court proceedings;

    e.     Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.      The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Phencyclidine is a narcotic drug and, as noted, the defendant sold substantial quantities to the undercover officer.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The defendant has family ties in the community and has lived here all of his life. He is unemployed.

**The weight of the evidence.**  The government's case is compelling.  The defendant dealt with the same undercover officer on three occasions and one transaction was taped.  At this point, he seems to have no defense.

**History relating to drug or alcohol abuse.**  There was no indication of drug use.

**Record concerning appearance at court proceedings and prior criminal record.**  The defendant has a substantial criminal record.  It began in 1995 with a felony conviction for a violent crime, assault with a dangerous weapon and possession of cocaine.  Since then, the defendant has had convictions for possession and attempted possession of cocaine.  He has also been convicted of destruction of property, driving while intoxicated, and unlawful entry.

**Whether on probation or parole at the time of the present offense.**  While the defendant was not on probation or parole at the time of the present offense, his most recent probation ended in August, only a few months ago.  Additionally, his probation on the possession of cocaine conviction was revoked in 1995.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.  Against a strong government case–the repetition, on three occasions, of the same crime, and a substantial criminal record, including a revocation of probation–he proffered little more than his residence in this community to rebut the presumption of his dangerousness created by the Bail Reform Act.  That is precious little.  I therefore find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community.  I will, therefore, order the defendant detained without bond pending trial.

                                                _____  
                                                **JOHN M. FACCIOLA**  
                                                **UNITED STATES MAGISTRATE JUDGE**

**December 9, 2005**