UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

FEB 2 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA :
: Criminal No. 05-428 (PLF)
v. :
:
STEVEN MAURICE WILLIAMS, :
:
Defendant. :

### GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSES:

   A. The essential elements of the offense of Unlawful Distribution of Phencyclidine, also known as PCP, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) are:

   1. That the defendant distributed a controlled substance;

   2. That the defendant distributed the controlled substance knowingly and intentionally;

   3. That the controlled substance distributed by the defendant contained a detectable amount of Phencyclidine, also known as PCP.

II. COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III. PENALTIES:

   A. Pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(C), the crime of Unlawful

Distribution of Phencyclidine carries a penalty of a term of imprisonment of not more than 20 years, a fine of not more than $1 million, and a term of supervised release of at least 3 years.

IV.   **FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:**

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On November 3, 2005, at approximately 12:37 pm, an undercover officer (UC) from the Metropolitan Police Department (MPD) met with the defendant, Steven Williams, in the area of Neal and Orren Streets, Northeast, Washington, DC for the purpose of purchasing one ounce of Phencyclidine, also known as PCP. The UC met with the defendant inside of the undercover vehicle and gave the defendant $600 in pre-recorded U.S. currency in exchange for one clear bottle containing a yellow liquid which had an odor consistent with PCP. This transaction was captured on videotape.

On November 9, 2005, at approximately 2:40 pm, the UC met with the defendant in the 1300 block of Orren Street, NE, Washington, DC. The defendant came out to the undercover vehicle and provided the UC with one clear bottle containing a yellow liquid in exchange for $600 in pre-recorded U.S. currency. The UC then asked the defendant for an additional bottle of PCP, and the defendant provided a second clear bottle containing a yellow liquid in exchange for $500 in U.S. currency. The yellow liquid contained in each bottle had an odor consistent with PCP. This transaction was captured on videotape.

On November 18, 2005, at approximately 1:00 pm, the UC met with the defendant in the 1300 block of Orren Street, NE, Washington, DC. The defendant entered the undercover vehicle

and provided the UC with a clear ziplock bag inside of which were two clear bottles containing a yellow liquid in exchange for $1,090 in pre-recorded U.S. currency. The defendant then advised the UC that she was $110 short, at which time the defendant took one of the clear bottles back from the UC, entered 1310 Orren Street, NE, and returned with a bottle which contained a smaller amount of yellow liquid. The yellow liquid inside the two bottles had an odor consistent with PCP. This transaction was videotaped.

The suspected narcotics distributed to the UC by the defendant were forwarded to the Drug Enforcement Administration Mid-Atlantic Laboratory for analysis. The results of the analysis indicated that the yellow liquid substance was Phencyclidine, also known as PCP, with a total net weight of 109.6 grams.

At trial, the government would have called an expert witness to testify that the quantity, packaging, and value of the seized PCP is consistent with amounts commonly intended for distribution by drug traffickers.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete statement of all facts and events related to this offense. The limited purpose of the factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the aforementioned offense, which is charged in the indictment.

Respectfully submitted,
KENNETH L. WAINSTEIN
United States Attorney

STEVEN B. WASSERMAN
Assistant United States Attorney
Federal Major Crimes Section
555 4th Street, N.W.   Room #4241
Washington, DC 20530
(202) 307-0031; Fax: 514-8707

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Nikke Lotze, Esq., this 30th day of January, 2006.

Steven Wasserman
Assistant United States Attorney