UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  05-428 (PLF) |
| v. : | |
| : | |
| STEVEN MAURICE WILLIAMS, : | |
| : | |
| Defendant. : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

**I.   INTRODUCTION**

1. Pursuant to a plea of guilty entered on February 28, 2006, the defendant was convicted of one count of Distribution of Phencyclidine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

2. Based upon the defendant's seven prior convictions, the defendant is correctly placed in criminal history category III.

3. As the total amount of Phencyclidine involved the defendant's relevant conduct is 109.6 grams, the base offense level is 26.  Assuming that the defendant is entitled to a three level reduction in the base offense level for acceptance of responsibility, the total base offense level is 23.  Based upon an offense level of 23 and a criminal history category of III, the Guideline range for imprisonment is 57-71 months.

**II.    GOVERNMENT'S RECOMMENDATION**

4. It is the government's position that a sentence at the high end of the Sentencing Guideline range constitutes a reasonable sentence for this defendant. The instant case represents the defendant's eight conviction since 1995, of which two involved acts of violence (Assault with a Dangerous Weapon and Destruction of Property, Domestic). Furthermore, of the defendant's four prior narcotics related convictions, at least three present facts consistent with narcotics trafficking as opposed to mere possession. As stated in paragraph 30 of the pre-sentence report, the facts underlying his conviction for Possession of Cocaine on October 30, 1998, demonstrate that the defendant was engaged in the distribution of cocaine.

In addition, the pre-sentence reports (Attachment A) from his convictions on June 19 and October 24, 1995, demonstrate that the defendant was in possession of seven zip locks of cocaine base and five zip locks of cocaine base respectively, under circumstances that do not indicate that the narcotics were for personal use. These prior pre-sentence reports, as well as the report for the instant offense, establish that the defendant has consistently denied that he uses cocaine. The instant case coupled with the facts underlying his prior narcotics convictions demonstrate the defendant to be in the business of narcotics trafficking, and establish him as a danger to the community. This conclusion is supported by the facts to which the defendant admitted in the instant guilty plea, which show that he was involved in the distribution of significant quantities of PCP.

The defendant's prior criminal history also indicates that he is not a good candidate for community supervision. The defendant has repeatedly benefitted from suspended sentences and sentences of probation, yet he has continued to re-offend. As a result, the defendant's criminal history is significantly lower than it otherwise would be had he received sentences of imprisonment

in these prior cases. Therefore, it can be argued that his criminal history category does not accurately reflect the seriousness of his criminal history.[1] Furthermore, a review of the defendant's more recent brushes with the criminal justice system reveals that he has become involved in offenses of ever increasing severity, including arrests in 2000 and 2001 for Assault with a Deadly Weapon and Possession with Intent to Distribute Cocaine.

Finally, the distribution of narcotics in the District of Columbia is a particularly serious offense given the extraordinary level of violence in the city associated with drugs and guns, which includes the recent murders of many juveniles and numerous innocent victims. Accordingly, for these reasons, the government submits that a sentence at the high end of the Guideline range is reasonable for this defendant.

5. The government further requests that the defendant be placed on supervised release for a period of three years.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058


STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 453-251
FEDERAL MAJOR CRIMES SECTION
(202) 307-0031

---

[1] An example of this under representation is the defendant's 1994 conviction for Assault with a Dangerous Weapon and Possession of Cocaine. As a result of having received a suspended sentence in that case, no criminal history points were assessed. A sentence of more than one year in jail would have resulted in the assessment of three criminal history points, placing the defendant in criminal history category IV.

<u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that a copy of the foregoing Government's Memorandum in Aid of Sentencing is to be served upon counsel for the defendant, Nikke Lotze, Esquire, and faxed to Ms. Elizabeth Suarez of the United States Probation Office, this 20th day of July 2006.

                                            STEVEN B. WASSERMAN
                                            ASSISTANT UNITED STATES ATTORNEY

# ATTACHMENT A