# ATTACHMENT A

SUPERIOR COURT OF THE ISTRICT OF COLUMBIA
SOCIAL SERVICES DIVISION - ADULT BRANCH

PRESENTENCE REPORT

PDID No.: 468-554
Docket No.: M-5336-95

Re: Williams, Steve M.                Date Referred: 8-30-95
To: The Honorable Eric Washington     Date Due: 10-6-95

From: Probation Officer  Michael W.A. Dade Sentencing Date: 10-16-95

---

Defendant Information:
True Name: Williams,          Maurice     Address: 1403 Orren St., N.E.,
                                          Washington, D.C. 20002

                                          Tel. #: (202) 399-5228
**Aliases:** Steve Williams
             Sean Carson
Age/Birthdate: ███████  **Sex:** Male     Birthplace: Washington, D.C.

Time in D.C. Area: Life                   Citizenship: U.S.
                                          Alien No.: N/A

Marital Status: Single   Dependents: 0    Education: 11th Grade

Social Security No.: ███████              Permit No.: None

DCDC No.: 266-507                         FBI No.: 876 821 VA3

---

Offense, Co54e a     Penalty: Unlawful    Possession of a Controlled
Substance ' Cocaine 33-541(   ); $1,000 and/or up to 1 year.
Plea: Guilty Judgment: Guilty        Bond Status: Held w/o Bond


Detainers or Pending Charges: *See record*

Co-defendants:
None              (Dkt No.): N/A      (Status): N/A

AUSA: Misdemeanor Section             Telephone: (202) 514-7502
Defense Counsel: Roger Pickens        Telephone: (301) 393-7200

"In accordance with the U.S. Parole Commission and Reorganization Act, Public Law 94-233, dated March 15, 1976 this report is disclosable to inmates in federal institutions for purposes of parole consideration. "

2

OFFICIAL VERSION:

                                        attached.
        A copy of the PD #163 Official Version i


DEFENDANT'S VERSION:

        The defendant states that he is guilty. He states that the PD #163
Official Version is correct as stated.


PRIOR CRIMINAL RECORD:

Juvenile - Washington, D.C.

NOTE: The defendant's mother related that he was arrested as a
        juvenile for Unauthorized Use of a Vehicle in P.G. County,
        Maryland. Those records were not available to this writer,
        because they are juvenile matters.

| 6-23-88 | Assault with a Dangerous Weapon J-2620-88 | Not Petitioned 6-23-88 | DCJu |

Adult - Washington, D.C.

| 4-27-94 | Assault with Intent to Kill F-3836-94A | No Papered 4-28-94 | DCSC |
| | UCSA, Possession with Intent to Distribute Cocaine (Count B) | Misdemeanor Info. filed DCSC 10-3-94 | |
| | Assault with a Dangerous Weapon - Knife (Count C) | ISS, 2 years probation DCSC under YRA 11-28-94 | |
| | UCSA, Possession of Cocaine (Count D) | ISS, 2 years, super- DCSC vised probation under YRA; 803(a); probation concurrent (probation was revoked on 6-27-95, pending sentence on 10-16-95) | |

3

PRIOR CRIMINAL RECORD: (Continued)

Adult - Washington, D.C.

| 6-7-94 | Assault with a<br>Deadly Weapon<br>F-5408-94A | No Papered 6-8-94 | DCSC |
|--------|--------|--------|------|
| 7-1-94 | Disorderly Conduct<br>D-2466-94A | No Papered 7-2-94 | DCSC |
| 7-11-94 | Carrying a Pistol<br>without a License<br>M-9093-94A | No Papered 7-12-94 | DCSC |
| | Unregistered Gun<br>(Count B) | No Papered 7-12-94 | DCSC |
| | Ammunition Violation<br>(Count C) | No Papered 7-12-94 | DCSC |
| 1-11-95 | UCSA, Possession<br>With Intent to<br>Distribute Cocaine<br>M-457-95A | No Papered 1-12-95 | DCSC |
| | UCSA, Possession<br>of Cocaine<br>(Count B) | 90 days work Release<br>7-12-94 | DCSC |
| 1-22-95 | UCSA, Possession<br>of Marijuana<br>M-885-95 | No Papered 1-23-95 | DCSC |
| 5-18-95 | UCSA, Possession<br>With Intent to<br>Distribute Cocaine<br>M-5336-95A | No Papered 5-18-95 | DCSC |
| | UCSA, Possession<br>of Marijuana<br>(Count B) | Dismissed | DCSC |
| | UCSA, Possession<br>of Cocaine<br>(Count C) | **INSTANT OFFENSE** | DCSC |

4

PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT:

The defendant was sentenced to a two years period of probation to run concurrently, following his convictions for Assault With a Dangerous Weapon (Knife) and UCSA, Possession of Cocaine. According (--to--probation records, the defendant's adjustment to probation was margi . He reported regularly. He was <u>unemployed</u> during the entire period of supervision and he failed to return to school. In addition, the defendant sustained two arrests during this period of supervision, both resulting in convictions. The defendant's probation was revoked on 6-27-95 and he is currently pending a Show Cause sentencing on 1016-95.

The defendant was interviewed at the D.C. Treatment Facility. During the initial interview, the defendant displayed a rather flat affect. He was cooperative in answering questions and corroborating information which was contained in an earlier prepared presentence report.

EMPLOYMENT HISTORY:

The defendant had just begun a job (6-13-95) at Absolute Images, located at 2625 Evarts St., N.W., as a maintenance man, earning $5.25 per hour. The personnel officer related that this job is still available for the defendant, should he be released.

SOCIAL HISTORY:

<u>Military:</u> None

Military Branch: N/A
Length of Service: N/A Type of
Discharge: N/A Registered for
Military: Yes

<u>Health:</u>

Physical Problems: None
Mental Health Problems: None Treatment
Program/Contact Person: N/A Address: N/A
Time in Program: N/A
Medications: N/A

5

SOCIAL HISTORY: (Continued)

Substance Use/Abuse:

Type of Drugs Used: The defendant stated in his Presentence Report that was prepared for 6-15-95, that he used neither drugs nor alcohol. During an interview with Mr. Williams, he stated that he drank on a daily basis, upwards to (two) 16 ozs cans or bottles of malt liquor. In addition, his mother indicated that she believed he was using marijuana, although she has never seen him.
Period of Usage: alcohol-2 years
Test Results: N/A - The defendant is incarcerated.
Most Recent Treatment: None
Program Name/Contact Person: N/A
Address: N/A
Compliance: N/A

SOURCE(S) OF INFORMATION: The defendant and his mother, Ms. Deborah Chase.

Significant Contact Person: Bertha and Alton Sheppard, Maternal Grandparents.
Address: Same as the defendant
Telephone Number: Same as the defendant

EVALUATIVE SUMMARY:

Steven Maurice Williams has been convicted of Unlawful Possession of a Controlled Substance - Cocaine. Thjs ;[ h;s third consecutive arrest for a drug of s se and second conviction for Cocaine ossession within a four month period. Re-Vas-on probation for Assault Wi a Dangerous eap ltriife) at the time that he was arreste or the Instant Offense. ifi was preceded by another arrest and conviction for Cocaine Possession. The defendant's probation was revoked because of his rearrests and convictions. Sentencing has been continued, pending final disposition in the Instant Offense.

The defendant's birth was the culmination of a relationship between Ms. Deborah Sheppard and Mr. Richard Williams. Ms. Sheppard was 17 at the time and by her own admission, she was delinquent in her behavior. She was preoccupied with the "fast money crowd". She was introduced to drugs and alcohol by this same group of individuals. Additionally, she grew up in a home with an alcoholic father. He has since stopped drinking. The defendant's father was frequently incarcerated, the most lengthy for a Murder conviction. Mr. Williams shot and killed a man, while the defendant was with him. Mrs. Williams married the defendant's father,

6

EVALUATIVE SUMMARY: (Continued)

but they only remained together for six months, before she returned home. Mrs. Williams later entered into a relationship with Mr. Derrick Chase, the father of her 10 year old son. They were
married and stayed together for three years, before separating.
Mr. Chase was described as a physically abusive man. Ms. Chase related that again, she made a poor choice in men, choosing someone primarily because they had money and could take care of her. Through all of this, the defendant lived with his grandparents, Bertha and Alton Sheppard. Mrs. Chase felt that her parents could provide a more stable home environment for the defendant.

Mr. Williams behavior problems emerged in late adolescence. He began drifting toward a negative peer group. Though he denied drug and alcohol use in a June 1995 presentence investigation, his mother confirmed that he was smoking marijuana. He acknowledged, during our interview, that he was consuming alcohol on a daily basis. It is
probable that this abuse has been a direct contributor to his consistently poor decision-making and ultimate rearrests.

The defendant was attending Parkdale Senior High School in P.G. County, Maryland, when he was arrested for Unauthorized Use of a Vehicle. This incident resulted in his returning from his aunt's home in Maryland to the District of Columbia, where he enrolled in the Dix Street Academy. He loss interest in the program and dropped out after a couple of months. Mr. Williams is the father of a three year old daughter, Kiara, who resides with and is supported by her mother.

Mr. Williams is the beneficiary of considerable family support. This comes from his mother, aunt, and grandparents. The defendant's mother has made constructive changes in her life and has tried to impart to her son, that despite problems in your life, one can still change and make positive, that which was negative. The question remaining is how much Mr. Williams wants to change and does he have the motivation to exert the effort. His previous behavior has suggested that he does not. Mr. Williams needs drug and alcohol counseling, but has denot expressed a desire to enter treatment. Due to his poor community adjustment an additional period of supervision is unwarranted. Under these circumstances, it is recommended the fendant be sentenced under the yp outh Rehabilitation Aat. The specific goals should be his acquiring .. a GEll-ana substance abuse counseling.

**TREATMENT PLAN:**

1.    GED.

2.    Complete drug and alcohol counseling.

3.    Vocational training.

REVERSE CARBONS

**55. EMPLOYMENT HISTORY** *(List present employment if any, on Line 1)*

| FROM-GATE-TO | EMPLOYER | ADDRESS | BM- PHONE | OCCUPATgN |
|---|---|---|---|---|
| | | | | |

ASSOCIA

| RELATIONSHIP | ~AGE | NAME - LAST, FIRST, M.I. | ADDRESS - STREET. CITY. STATE. ZIP CODE | PHONE NUMBER |
|---|---|---|---|---|
| | | | | |

| 7. MILITARY SERVICE BRANCWDATE FROM - TO | 5e. TELEPHONE CALL MADE | 56. PHONE NUMBER |
|---|---|---|
| | O Yes - Q No 91 RetUsed | |

ACTS: (Gna aOne'surement *O* your own words, of the facts wnwnd,ng ft offense and t e must Use CanfWaeon Form PD 2024 for aWifbna/ spa. Note present xrdreon of an_. wW

*(s).~ y₀o~ ee~e*   *es~.fTogoftadt1fftM-I-J:MP01-Fb1ts)* monitored a radio run for subjects in a white car smoking drugs in front of 135 Ivanhoe ST.SW.WDC.I drove tO the scene & I observed a 1978 4 door white Cadillac with DC tags 730-476 parked, with the flashers on, in the 100 block of Ivanhoe ST.SW. This was the only vehicle that was occupied in the block. I conducted a WALES check on the tags & I asked for a back-up because I was working alone. A - traffic stop was conducted & Def. Edwards was the driver & Def.-Carmon was the front_ seat passengd . Def.Edwards stated that the car belonged to him & -I could :smell the odor of burnt marijuana._ The ,.Def.; were removed from the car. I conducted a search of the car & in the front, passenger door ashtray was a small amount_ of loose green weed & one cigar butt with a_ green weed inside. A small amount of the green weed was field.test.ed.&..there was, a positive color reaction for "THC.'I Both Def.s were placed under arrest & seached on the scene.In Def. Edwards' right sock was a small blue ziploc bag with a green weed inside. I check the rear area of my transport Scout Car for contraband & Officer'Kimvilakani-'put Def.Carmon in the rear. Both Def.s were transported to 7D for processing_ but=-they, were transported separately. When I arrived at 7D, I removed Def. Carmon from my transport & I checked the area where he Def. had been setting. On -the floor, where Def. Carmon had been, was five small, blue ziplock bags with white rocks inside. A small portion of -the white rock was field tested & there was a positive color reaction for cocaine base. I had check•my-'-Scout Car before starting my .tdur.'.of,.;duty -at ,2-30Q

i1. DEFENDANT'SVERS    5:fVIIMTad ndaantsayaabootdBpoerwaNaitatwtwaaboo a!teSneood., *ha Annr4 vprP 7j]cked _____

duringfwn7DT+tT *erga.nre.mtw,mtsT.m.)*
COC weed in ashtray-Folts-FT/HS/PB 537/80COC
weed in Edwards sock-Hammel-Folts-HS/PB COC rocks
in Scout Car-Folts-FT/HS/PB

| | S. | 5. |
|---|---|---|

,,tO  _kv_   6.

REST RECOD - R SUMMARY

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SOCIAL SERVICES DIVISION - ADULT BRANCH

PRESENTENCE REPORT

PDID No.: 468-554
Docket No.: M457-95B

Re: Steve M. Williams

Date Referred: 4/20/95

To: The Honorable Timothy Murphy

Date Due: 6/16/95

From: Probation Officer Denise Lent

Sentencing Date: 6/19/95

Defendant Information:
True Name: Steven Maurice Williams

Address: 1403 Orren Street, NE, Washington, DC 20002
Tel. #:(202) 399-5228

**Aliases:** None

Age/Birthdate: 19-10/31/75    **Sex:** Male    Birthplace: Washington, DC

Time in D.C. Area: Life    **Citizenship:** U.S.

Alien No.: N/A

Marital Status: Single    Dependents: 1    Education: 11th Grade

Social Security No.: 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    Permit No.: None

DCDC No.: None    FBI No.: 876 821 VA3

Offense, Code and **Penalty:** UCSA, Possession of Cocaine;    33-541 (d); $1,000, One Year or both.

Plea: Not Guilty    Judgment: Guilty    Bond Status: Personal Recognizance

**Detainers or Pending** Charges: See Prior Record

Co-defendants:
None    **(Dkt No.):**    (Status):
        (Dkt No.):    (Status):

AUSA: Misdemeanor Section    Telephone:  (202) 514-7521

Defense Counsel: Roger Pickens    Telephone:  (301) 393-7200

"In accordance with the U.S. Parole Commission and Reorganization Act, Public Law 94-233, dated March 15, 1976 this report is disclosable to

2

inmates in federal institutions for purposes of parole consideration."
OFFICIAL VERSION:
    Metropolitan Police Report (PD163) attached.

<u>Known Injuries or Damages:</u>


    None stated.


DEFENDANT'S VERSION:

    "I pled not guilty. It wasn't my coke."

PRIOR CRIMINAL RECORD:

Adult:
Washington, DC:


| Date | Offense | Disposition |
|------|---------|-------------|
| 4/27/94 | Assault with Intent to Kill; UCSA, PWID Cocaine Assault w/a Deadly Weapon UCSA, Possession Cocaine F3836-94A-D | No Papered 4/28/94.DCSC Closed 10/3/94. 2 Years Probation. YRA 11/28/94 - 11/27/96; SCH 6/27/95 before Judge Mildred Edwards. |
| 6/7/94 | Assault w/a Deadly Weapon **F4408-94A** | No Papered 6/8/94. |
| 7/1/94 | Disorderly D2466-94A | No Papered 7/2/94.          " |
| 7/11/94 | Carrying a Pistol w/o a License; Unregistered Gun; Ammunition violation M9093-94A-C | No Papered 7/12/94          "          "          "          " |
| 1/11/95 | UCSA, PWID Cocaine UCSA, Possession Cocaine M457-95A,B | No Papered 1/12/95. **IN~Stkk ⁻OFFESE**          " |
| 1/22/95 | UCSA, Possession Marijuana M885-95A | No Papered 1/23/95.          " |

11

5/18/95 UCSA, PWID Cocaine          No Papered 5/18/95.        DCSC
        UCSA, Possession          Non
        Marijuana;
        UCSA, Possession
        Cocaine
        M5336-95A-C


PROBATION/PAROLE/PRE-DISPOSITION ADJUSTMENT:

    The defendant's records reflect that he is under probation supervision for Assault w/a Deadly Weapon in Dkt F3.8.63-94 when he was S‾entencecT to two years probation under the Youth Rehabilitation Act. However, the defendant's adjustment has been described as marginal due to his failure to follow through with his probationary condi ions and his subsequent rearrest and conviction on new charges. A Show Cause Hearing is pending at this time.


EMPLOYMENT HISTORY:

    The defendant has not sustained any steady employment for the past year. He relates that his grandparents help with his support and that he has performed some summer youth jobs in the past.


SOCIAL HISTORY: <u>Military:</u>

Military Branch: None
Length of **Service:** N/A Type of Discharge: N/A
Registered for Military: Yes

<u>Health:</u>

Physical Problems: None reported. Mental Health
Problems: None reported. Treatment Program/Contact
Person: N/A Address: N/A
Time in Program: N/A
Medications: None


<u>Substance Use/Abuse:</u>

Type of Drugs Used: The defendant denies the use
alcohol.
Period of Usage: N/A


                                        of both drugs and

12

Test Results: N/A
Most Recent Treatment: N/A Program
Name/Contact Person: N/A Address:
N/A
Compliance: N/A

SOURCE(S) OF INFORMATION: Defendant and Grandparents

Significant Contact Person: Bertha and Alton Shephard, Grandparents
Address: S/A Defendant
Telephone Number: S/A Defendant

EVALUATIVE SUMMARY:

Mr. Steven Maurice Williams is before the Court for sentencing having been found guilty by the Court of one count of Unlawful Possession of a Controlled Substance - Cocaine. The defendant already accumulated two convictions on his adult record while he is only 19 years of age. Regarding the defendant's involvement on these charges, he adamantly denies his guilt and did not wish to make any statement. At the time of the defendant's involvement on these charges, he was under probation supervision in this jurisdiction for a felony conviction (Assault w/a Deadly Weapon). The defendant's probation supervision has been assessed as marginal due to his failure to adhere to his probationary release conditions as well as his failure to remain arrest free while under community supervision.

The defendant was born and raised in this jurisdiction and currently resides with his grandparents. The defendant states that he dropped out of school in the 11th grade due to a lack of interest. Subsequently he enrolled in GED preparatory courses, but once again dropped out before completion. Reportedly, the defendant has a three year old daughter, Kiara who resides with her respective mother. Mr. Williams states that he has minimal contact with his daughter.

Regarding substance use, Mr. Williams denies the use of any type of illegal narcotic. He relates that he was referred by the Court to ADASA Treatment Program for three months, but is not involved in that program any longer. The defendant states adamantly that he does not have any substance abuse problems, but this writer cannot help but question his honesty considering the nature of the charges before the Court. What is of concern to this writer is the defendant's young age and the fact that he appears to be on his way to establishing a criminal record for himself at an early age. This writer feels that probation supervision did not provide enough structure nor supervision for the defendant and therefore feels that he is in need of more stringent controls at this point. Therefore, this writer would recommend that the defendant be placed into a Halfway House program where his behavior could be more closely monitored and supervised and
the proper assistance granted as deemed appropriate.

13

TREATMENT PLAN:

    1.   obtain and maintain steady employment.

    2.   Narcotics surveillance with appropriate treatment referrals as deemed necessary.

    3.   Incur no further arrests.

14

RECOMMENDATION:

    Work Release.




                                  Respectfully submitted,


                                    _____
                                    Denise Lent
                                    Probation Officer
                                      508-1834




Approved by:

DL

15

Sup rvisory Probation Officer
508-1772

f. MILITARY SERICE:
BRANCWbA E FRO TO

56. TELEPHONE CALL DE                Ves -01NO        used

59 PHONE NUMBER

a STATEMENT OF FACTS: (Give a *brief* statement in your own words, of the facts *surrounding* the offense and the arrest Use Continuation Form PD 202A for additional.                , Note present condition of '.,
    *son(s). Do not give *Witnesses'* Names or Addresses. REFER to them as Wt or W2. etc as indicated in Item 31.)

ACTING -& NUMEROUS COMPLAINAN ,$ & 4PEN)AIR TRAFFICING IN THE AREA OF TRINIDAD AVE NE AND FLORIDA
AVE NE, MEMBERS OF THE FIFTH DISTRICT RESPONDED TO THE AREA ON 1-11-95 AT APPROXIMATELY
2005HRS. THE FOLLOWING EVENTS TRANSPIRED.

UPON ARRIVAL, A LARGE GROUP OF' UBJECTS'WERE OBy9RVr~-HUDDLED ;ON TH€:4ORNE -,, APON SEEIN( THE
MARKED POLICE CRUISERS,' ATTEMPTEDTO QUICKLYE)ZT THE AREA: ''SGT. B:'HUBOARD-OBSERVE[
t>, JVE~-DEEENDANT DROP, fl.- 13ROWN PAPER BAG TO THE GROUND WITR JftI§S RIGHTt<')1AND.jDgND)kNT~ 1
AND~ALL SUBJECTS WERE STOPPED. THE BAG WAS RECOVERED AND A QUICK INSPECTION dF ITS CON-
TLNT9AREVEALEDSE1kN\CLEAR ZIPLOCK BAGS CONTAINING A_RO_CK LIK~,S1]BSTANCE ~]P,_$OTOOOAINE' SGT.
HUBBARD WHO OBSERVED THE DEFENDANT DROP SAME BAG WENT TO PLACED THE DEFENDANT• UNDER ARREST, WHEN
THE DEEENtfANT,S,UbDENLY,IOGK)'A\SWING AT THE SGT- ; .AN&4TTEMPIEQ~~p ESfAPE
HE WAS AFTER A BRIEF' STRUGGLE `WITH OFFICERS SUBDUED. HE WAS PROCESSED' AT THE FIFTH POLI( DISTRICT.

C.O.C DEF:RT. HAND TO-GROUND TO SGT HUBBARD TO PHIFER(CSSO) TO-HUBBARD-T&HEAT-SEAts

IEFENDANT S VERSION / REMARKS (What dM *defendant* say about the offense or hismer whereabouts at the time of offense?
(Use PD 118for *defendant's* written statement.) I

ECORD CLERK'S NAME                                    61. PROPERTY BOOK/PAGE NO.
                                                         PRISONER'S PROPERTY ONLY
                         7.            S.
63. ARREST RECORD SU AR
    12.

AIL REFORM ACT CASES: Was astatemermadrdydefendiM.6nclerencelc aheheauleroaFpear' Qye1-0.Nb:.1. (If yes,
                    include m Delendant's VersoovRemades Section

RINTED NAME - OFFICER MAKING STATEMENT    BADGE NUMBER   RANK        68. SIGNATURE OF REVIEWING OFFICIAL
-:) eS9 7 For        ter                  2414           PFC
                                          UNIT           DATE        UNIT          DATE
                                          5              1-11-94     SID           1-11-95

CHECK LAST COPY FOR LEGIBILITY BEFORE TURNING IN REPORT

*abajt.f., . .S*

