ROBERTS & WOOD
ATTORNEYS AT LAW
6801 KENILWORTH AVENUE
BERKSHIRE BUILDING, SUITE 202
RIVERDALE, MARYLAND 20737

(301) 699-0764
(301) 699-8706 FAX

TERRELL N. ROBERTS, III
(MD, D.C., VA)

DOUGLAS J. WOOD
(MD, D.C.)

CHRISTOPHER A. GRIFFITHS
(MD, D.C.)

NIKKI LOTZE
(MD, D.C.)

MATTHEW F. DAVIES
(MD, D.C.)

July 25, 2006

Honorable Paul L. Friedman
United States District Court Judge
United States District Court for the District of Columbia
3rd & Constitution Avenues, NW
Washington, D.C. 20001

### MEMORANDUM IN AID OF SENTENCING
United States v. Steven Williams, 05cr428 (PLF)

Dear Judge Friedman:

    Mr. Williams is before the Court having pled guilty to one count of distribution of phencyclidine. He will appear before the Court for sentencing on July 26, 2006.

    I write to urge the Court to impose a sentence of no more than 36 months; a reasonable sentence somewhat below Mr. Williams' guidelines range of 57-71 months. There is no statutory mandatory minimum in this case.

    After he sold PCP to an undercover officer, Steven Williams was arrested on December 1, 2005. Magistrate Judge Facciola ordered Mr. Williams held without bond, in which status Mr. Williams remained until December 14, 2005, when this Court Ordered Mr. Williams placed in the Pretrial Services Agency's High Intensity Supervision Program.

    Since his placement in the HISP, Mr. Williams has maintained perfect compliance with the program's many requirements. Mr. Williams reports in person as directed and maintains a curfew from 10:00 pm to 6:00 am without fail. In addition, Mr. Williams reports for drug testing and consistently tests negative for the use of all drugs.

    Since his release in this case, Mr. Williams has been steadily employed by the non-profit organization run by Rev. Judie Martin, who has appeared many times in Court with Mr. Williams. Rev. Martin represented to the Court in December 2005, that the non-profit organization she runs, was soon to purchase a commercial cleaning business through which she hoped to employ ex-offenders, including Mr. Williams. The presentence report writer verified that in fact, Rev. Martin's organization did purchase such a business. *See* para 40. Counsel has verified with Rev. Martin that Mr. Williams has been steadily employed in that business since his release, as he himself reported to the PSR writer. *See* para 49.

In it's sentencing memorandum, the government makes much of Mr. Williams' prior criminal record. However, it is worth noting that every one of Mr. Williams' prior arrests & convictions, including all three of his prior narcotics convictions,[1] occurred during the time period in which Mr. Williams now admits that he was daily abusing marijuana (from 1994-2001). Since he stopped using marijuana altogether in 2001, Mr. Williams had not been arrested at all until this offense.

The government argues that Mr. Williams deserves a sentence at the high end of his guidelines range because his criminal history is "under represented" (*see* Gov. Memo at p. 3 & n.1). Basically, the government's point is that *had* Mr. Williams been convicted of greater offenses than those of which he *was* convicted, Mr. Williams would have received more criminal history points, and therefore his criminal history score does not reflect the seriousness of Mr. Williams' criminal history.

The government's argument is without merit. The guidelines address departures based on the inadequacy of a person's criminal history category. U.S.S.G. §4A1.3. Upward departures for an under-represented criminal history category may permissibly be based, among other things, upon "prior sentence(s) *not used in computing the criminal history category*" (§4A1.3(a)(2)(A) (emphasis added)), or on "prior similar adult criminal conduct *not resulting in a criminal conviction.*" §4A1.3(a)(2)(E) (emphasis added).

All of the conduct which the government believes renders Mr. Williams' criminal history category under-represented, is conduct which (1) resulted in a criminal conviction, and (2) underlies sentences already used in computing Mr. Williams' criminal history category. Thus, it is it inappropriate under the guidelines, to consider Mr. Williams' criminal history category under-represented.

Moreover, as a practical matter it would not be appropriate to consider Mr. Williams' criminal history category under-represented. To say that Mr. Williams could have been convicted of greater offenses is to ignore all of the factors that go into plea bargaining on both sides. To say that Mr. Williams could have been convicted of greater offenses, is to entirely ignore the fact that he was not. Should the court then, conversely, consider whether a defendant might appropriately have been convicted of a lesser included offense, when the evidence also supported a conviction of the greater offense?

The only remaining reasons advanced by the government in support of its allocution for a sentence at the high end of Mr. Williams' guideline range, are the arguments that distribution of narcotics contributes to violence, and that in the years 2000 and 2001, Mr. Williams was arrested for ADW and PWID cocaine, respectively.

---

[1] Mr. Williams was convicted twice of possessing cocaine in 1995, and was convicted again of possessing cocaine in 1998.

Neither the 2000 ADW nor the 2001 PWID cocaine case were pursued by the government. Both were dismissed and Mr. Williams stands convicted of neither.

The contribution of drug distribution to violence does not outweigh all other sentencing considerations to militate in favor of a sentence at the high end of Mr. Williams guidelines range.

For nine years, Mr. Williams volunteered his time, five times a year to the Miracle Temple Youth Coalition, distributing food and clothing to those in need. Consistent negative drug tests reveal that he has successfully combated a seven year addiction to marijuana. In addition, Mr. Williams enjoys tremendous family support as is reflected in the PSR. *See* paras 40-41.

In light of all of the forgoing, counsel asks that the Court sentence Mr. Williams to no more than 36 months incarceration.

Thank you for your consideration of these matters.

Respectfully submitted,

_____
Nikki Lotze
Roberts & Wood
6801 Kenilworth Avenue
Suite 202
Riverdale, MD 20737
(301) 699-0764

cc:   AUSA Steven Wasserman
      Office of the United States Attorney
      555 Fourth Street, NW
      Washington, D.C. 20530